# Lunsford *v.* Lunsford *et al.*

*Bill in Equity to remove Administration of an Estate into Chancery, and Application for Appointment of a Receiver.*

1. *Executors and administrators; resignation of executors and administrators must be filed in probate court.*—Under the statute providing that an executor or administrator may resign (Code of 1896, § 107), an executor duly appointed by the probate court may at any time file his resignation with

[Lunsford v. Lunsford *et al.*]

said court, and the fact that the administration upon the decendent's estate had been removed into the chancery court on bill filed by the executor does not affect his right of resig-·nation; and the probate court is the proper tribunal in which to file the resignation.

2. *Same; same; appointment of administrator de bonis non.*— Where, after the administration of a decendent's estate has been removed into the chancery court, the executor resigns, the probate court alone has jurisdiction to apppoint an administrator *de bonis non* to fill the vacancy.

3. *Same; same; right of administrator de bonis non to be made party pending application for appointment of a ·receiver.*— Where the administration of a decedent's estate is removed into the chancery court, on a bill filed by the executor, and pending an application by the creditors of the deceased for the appointment of a receiver of the estate the executor resigns, and an administrator *de bonis non* is duly appointed by the probate court, the chancery court must, on application by the administrator *de bonis non*, make him a party to said suit. (Rule of Chancery Practice, 103, Code of 1896, p. 1224).

4. *Same; same; appointment of a receiver for decedent's estate; when wrongfully made.*—Where, after the removal of the administration of a decedent's estate into the chancery court, there is made by the creditors of the deceased an application for the appointment of a receiver, upon the ground of the incompetency of the executor, the resignation of the executor and the appointment of an administrator *de bonis non* by the probate court will defeat the application for the appointment of a receiver upon the ground as stated.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The appellant, Susan Lunsford, filed a bill in the chancery court, in which she alleged that her husband, George Lunsford, a resident of Jefferson county, died, leaving a last will and testament, which was duly probated in the probate court of Jefferson county, and letters testamentary were duly and legally issued to Susan Lunsford, the widow of the deceased, and that Susan Lunsford, the complainant, took possession of the property of the estate of her testator, and entered upon the duties of executrix.

The bill prayed that the administration of the estate of George Lunsford, deceased, be removed from the probate court into the chancery court. To this bill, the

appellees, William G. Lunsford and others, who were next of kin and heirs at law of said George Lunsford, deceased, were made parties defendant. William Aiken, a creditor of said George Lunsford, was also made a party defendant. The chancery court rendered a decree granting the relief prayed for and assumed jurisdiction of the administration of the estate. Subsequently there was rendered by the chancery court a decree of insolvency. After the rendition of the decree of insolvency, William Aiken and others, as creditors of said. insolvent estate, filed their petition in said court praying for the appointment of a receiver for said estate, alleging incompetency, misconduct, &c. of Susan Lunsford, as executrix, in the management of the administration of said estate. The other facts of the case are sufficiently stated in the opinion.

Upon the hearing of the petition for receiver, the chancellor rendered a decree granting the prayer of the petition and appointing one F. W. Dixon as receiver; at the same time denying and refusing the prayer of S. W. John, who had been appointed administrator *de bonis non*, to be made a party complainant, as such administrator *de bonis non*. From this decree the complainant appeals, and assigns the rendition thereof as error.

S. W. JOHN, for appellant.—The sole ground assigned by the chancellor for appointing a receiver was, that there was a vacancy in the office of executor or administrator, and that the appointment by the probate court of S. W. John to fill that vacancy was void. The probate court had the exclusive jurisdiction to appoint an administrator *de bonis non*.—*Ex parte Lunsford*, 117 Ala. 221. And having exercised that power, the chancery court court could not hold it void.—*Ikelheimer v. Chapman*, 32 Ala. 699; *Sims v. Boynton*, 32 Ala. 361; *Thrasher v. Ingram*, 32 Ala. 658. The exercise of the power by granting the letters to John, raised an indisputable presumption of the regularity of the exercise of jurisdiction, and of the validity of the order appointing him.—*Turrentine v. Daly*, 82 Ala. 207.

This Court has laid down, very plainly, the rule for the appointment of a receiver to take the assets of an

estate from custody of an administrator: "A court of equity in all cases exercises with caution the jurisdiction to appoint receivers. A strong case is required to induce the appointment of a receiver to take assets from the custody of an executor or administrator, displacing his authority. The administrator derives his authority from, and is in a qualified sense, the officer of another court of *exclusive* jurisdiction, compelled to give and keep a bond with sufficient sureties for the prompt and faithful discharge of the trusts of the administration. The court is, therefore, reluctant to interfere with them by the appointment of a receiiver. There must be *actual* misconduct or *fraud,* and *immediate danger of loss,* or the appointment of a receiver cannot be justified." No competent reason exists for the appointment of a receiver in this case at the time of the rendition of the decree making the appointment. The executrix had been removed and an administrator *de bonis non* duly appointed by the probate court.—*Randle v. Carter,* 62 Ala. 102; *Micou v. Moses Bros.,* 72 Ala. 441.

GARRETT & UNDERWOOD and TILLMAN & CAMPBELL, *contra.*—On the 12th of May, 1898, S. W. John, in his alleged character of administrator *de bonis non* of George Lunsford's insolvent estate, which was denied and contested by the creditors of that estate, could not intervene in the proceedings then before the chancery court for a receiver, to which, as such, he was a stranger, by mere oral suggestion or motion or petition, to litigate therein and establish his new, distinct and resisted claims to be such administrator and so recognized. He must come in and assert his new character and claims, by original bill, presenting his alleged new character and claims, setting up his independent rights and raising the new issues springing out of them, and bring in by reasonable notice, all parties who may be adversely interested. Because this has not been done, the chancery court was right in repelling the attempt of said S. W. John to intervene in the matter before it.—*Renfro Bros. v. Goetter,* 78 Ala. 311; *Ex parte Printup,* 87 Ala. 148; *Cowles v. Andrews,* 39 Ala. 125; *Glenn v. Billingslea,* 64 Ala. 352; Code, § § 241-248.

[Lunsford v. Lunsford *et al.*]

The alleged appointment and letters of said S. W. John on May 12, 1898, by the probate court of Jefferson county, as administrator *de bonis non* of the insolvent estate of George Lunsford, deceased, were null and void for want of jurisdiction and conferred no rights or authority on him.—*Baker v. Mitchell,* 109 Ala. 492; *Ligon v. Ligon,* 105 Ala. 460; *Tygh v. Dolan,* 95 Ala. 269; *Sharp v. Sharp,* 76 Ala. 317; *Bragg v. Beers,* 71 Ala. 153; *McNeill v. McNeill,* 36 Ala. 109; *Teague v. Corbett,* 57 Ala. 537; *Blakey v. Blakey,* 9 Ala. 391; *Dement v. Dement,* 13 Ala. 140.

DOWDELL, J.—George Lunsford died leaving a last will and testament, which was duly probated in the probate court of Jefferson county, and letters testamentary were regularly issued to Susan Lunsford, widow of deceased, who took possession of the property of the estate, and entered upon the discharge of the duties of executrix. Subsequently, Susan Lunsford, as such executrix, filed her bill in the chancery court of Jefferson county praying to have said administration removed from the probate court and into said chancery court. The chancery court upon the filing of the bill asumed jurisdiction and made a decree removing the cause, in accordance with the prayer of the bill, into said court for further administration of said estate. The estate was by the decree of said chancery court declared insolvent. On the 6th day of May, 1898, and subsequent to the decree of insolvency, a petition was filed by Wm. Aiken and others as creditors of said insolvent estate, praying for the appointment of a receiver for said estate, alleging the incompetency, misconduct, etc., of the said Susan Lunsford, as executrix, in the management and administration of said estate. Pending said petition and on the 12th day of May, 1898, said Susan Lunsford filed in the said probate court from which her lettters issued, her resignation in writing as executrix of said estate, which was acccepted, and thereupon on the same day, letters of administration *de bonis non* with the will annexed on said estate were duly issued to Samuel Will John, who entered upon the discharge of the duties of the office as such administrator. On the same day, May 12th, the

resignation of Susan Lunsford, as executrix, was suggested in the chancery court, and the following minute entry was made in that court, omitting here the style of the cause, term, etc.: "In this cause the resignation of Susan Lunsford is suggested, and S. W. John, who has been appointed administrator de bonis non, appears in open court and prays to be made party complainant, which is made in open court and will be considered on the day set for hearing the application for receiver." Upon the hearing of the petition for a receiver and the application of S. W. John to be made a party complainant, the chancery court rendered a decree in favor of the petition for the appointment of a receiver, and denied and refused the prayer of S. W. John to be made a party complainant as administrator de bonis non. The cause is appealed from the decree of the chancery court appointing a receiver, and as the order refusing the application of said John to be made a party to the suit is embodied in the decree on the petition for a receiver, the action of the court in denying the application will be considered in connection with the ruling in appointing the receiver.

The jurisdiction of the chancery court over estates of deceased persons is original and not statutory, and is not impaired or taken away by the statutes conferrring upon courts of probate jurisdiction in the administration of such estates. But jurisdiction over estates for the purposes of administration and settlement, and jurisdiction for granting of letters testamentary and of administration are not one and the same thing. The granting of letters testamentary and of administration by constitutional provision is exclusively within the jurisdiction of the probate court.—Art VI. § 9, Constitution; Ex parte Lunsford, 117 Ala. 221. Susan Lunsford received her appointment and letters testamentary from the probate court, and in this court she filed her resignation of office in writing, which under the statute (Code of 1896, § 107), she had the right to do at any time. The fact that the administration had been removed into the chancery court could not affect her right of resignation, and the probate court from

which she received her letters was the proper tribunal in which to file her resignation.

The chancellor in his opinion accompanying the decree treated the resignation of the executrix as valid, but held that the action of the probate court in granting letters *de bonis non to* S. W. John was *coram non judice.* In this conclusion the chancellor was in error. The resignation of the executrix created a vacancy in the office, to which she had been appointed, and the probate court alone had the authority and jurisdiction to fill this vacancy by the appointment of an administrator *de bonis non* with the will annexed, as was done in this case. Even if grounds had existed for the appointment of a receiver in the cause, and the appointment had been made prior to the resignation of the executrix, this would not have dispensed with the necessity of a representative of the estate as a party, since a receiver is an officer of the court, and not a party to the suit, wherein he has been appointed receiver. When the resignation of Susan Lunsford as executrix was suggested in the chancery court and S. W. John voluntarily came in, presenting his letters of administration *de bonis non,* and asked to be made a party complainant to the suit, his action being in strict compliance with rule 103 of chancery practice (Code of 1896, p. 1224), it was the duty of the chancery court to have made him, as such administrator *de bonis non,* a party. As stated above, the grounds of the application for a receiver were the alleged incompetency and misconduct of the executrix, Susan Lunsford. Her resignation, therefore, and the appointment of her successor S. W. John as administrator *de bonis non,* removed all objections made to Susan Lunsford in the petition for receiver, and was a complete answer to the same. The chancellor in his opinion states as the sole ground for the appointment of a receiver, that the estate was without an administrator to represent and administer it, and the chancery court had no jurisdiction to appoint one. In this, however, the chancellor was in error; there was an administrator in the person of Mr John, duly and regulary appointed by the only court having jurisdiction to appoint. It follows, therefore, that if the chancellor had recognized the appointment

made by the probate court of S. W. John as administrator *de bonis non,* as he should have done, then no reason existed for the appointment of a receiver. Holding as we do to the above views, the decree of the court appointing a receiver must be reversed, and the cause is remanded.

Reversed and remanded.