HOWARD R. HARRISON, ADMINISTRATOR OF MAE GALLATIN EBY, v. FAULK CARTER.

(Filed 31 January, 1946.)

**1. Executors and Administrators § 3—**

Where, after letters of administration have been issued, a will is found and probated and letters issued thereon, the letters of administration must be revoked, G. S., 28-31; however, all acts done by the administrator in good faith prior to the discovery and probate of the will are valid and binding.

**2. Executors and Administrators § 4: Abatement and Revival § 11—**

A cause of action which survives against successor personal representatives of an estate likewise survives in their favor. G. S., 28-172, -181.

**3. Same—**

Upon the revocation of letters the clerk of the Superior Court is required immediately to appoint a successor, G. S., 28-33, and the law contemplates a continuity of succession until the estate has been fully administered.

**4. Same: Death § 4—**

A cause of action for wrongful death properly instituted does not abate upon the death, resignation or removal of the personal representative who instituted the action, but the action survives to his successor. G. S., 1-74.

**5. Same—**

The personal or legal representative of an estate in instituting an action is a formal or nominal, although a necessary, party, and acts in the capacity of a trustee or agent for the estate, or for the beneficiaries of the estate when the recovery, as in case of actions for wrongful death, is not an asset of the estate.

**6. Same—Where action for wrongful death is instituted within time allowed, third successive representative may be made party and maintain action.**

The duly appointed administrator of the estate of deceased instituted action for wrongful death within the time allowed. More than a year thereafter it was discovered that deceased had left a will, which was duly probated in the state of her residence. On motion of defendant in the action for wrongful death, an order was entered revoking the letters and directing the administrator to show cause, and on the same day an administrator c. t. a. was appointed. At the hearing on the motion to show cause it was ordered that the order of revocation remain in full force and effect. Eighteen days thereafter the administrator c. t. a. resigned, having made no reports and taken no steps in regard to prosecuting the action. The original administrator at the instance of the beneficiary of the estate was appointed administrator c. t. a., d. b. n. Held: The motion of the administrator c. t. a., d. b. n., that he be permitted to enter the action for wrongful death as plaintiff should have been allowed.

HARRISON *v.* CARTER.

APPEAL by plaintiff from *Sink, J.,* at May Term, 1945, of MOORE.
Civil action for wrongful death.

1. Mae Gallatin Eby, a citizen of Dauphin County, Pa., died in Moore
County, N. C., 24 February, 1942, when the Sand Hill Hotel at Aber-
deen, N. C., owned by defendant, Faulk Carter, was burned. The
deceased was a guest of the hotel at the time of her death, and plaintiff
alleges that her death was caused by the negligence of the defendant.

2. On 22 January, 1943, Howard R. Harrison, a citizen of Moore
County, N. C., was duly appointed administrator of the estate of Mae
Gallatin Eby, by the clerk of the Superior Court of Moore County, and
gave bond as required by law, and forthwith on 22 January, 1943, said
administrator instituted this action against the defendant for the wrong-
ful death of his intestate, Mae Gallatin Eby. The summons and verified
complaint were served on the defendant. Answer was filed. An amended
complaint and an amended answer were filed.

3. Thereafter, about 29 May, 1944, it was discovered that Mae Galla-
tin Eby left a will, which had been duly probated in Dauphin County,
State of Pennsylvania, on 30 June, 1942. An exemplified copy of the
will was filed in the office of the clerk of the Superior Court of Moore
County, N. C., and duly recorded in the Book of Wills.

4. On 22 August, 1944, the clerk of the Superior Court of Moore
County, N. C., on motion of the defendant in this action, entered an order
revoking the letters of administration issued to Howard R. Harrison on
22 January, 1943, and ordered Howard R. Harrison to appear before
said clerk on 5 September, 1944, at 3 :00 o'clock p.m., and show cause,
if any, why the order of revocation should not remain in full force and
effect. On the same day, 22 August, 1944, the clerk appointed E. J.
Burns administrator *c. t. a.* of the estate of Mae Gallatin Eby, and
issued such letters of administration to him.

5. The hearing on the motion to show cause was held at the request
of Howard R. Harrison, on 6 September, 1944, all parties being present
and represented by their respective attorneys. Whereupon, the clerk
entered an order to the effect that the former order entered 22 August,
1944, shall remain in full force and effect, and that the letters of admin-
istration on the estate of Mae Gallatin Eby heretofore issued to the said
Howard R. Harrison shall be and remain recalled and revoked, and that
the letters of administration *c. t. a.* on the estate of the said Mae Galla-
tin Eby, deceased, issued to E. J. Burns, remain in full force and effect.

6. E. J. Burns, as administrator *c. t. a.* of the aforesaid estate, filed
his resignation with the clerk of the Superior Court of Moore County
on 9 September, 1944, and accordingly the clerk accepted the resigna-
tion. E. J. Burns made no reports, and took no action looking to the

prosecution of this action against the defendant. In his letter of resignation to the clerk, he stated he was a stranger to the matter and that Ben Eby, the sole beneficiary under the will, had requested that his personal friend, Howard R. Harrison, be appointed administrator *c. t. a.* of the estate, and he requested the appointment of Harrison as such administrator, which request was also made to the clerk in writing by the said Ben Eby. Whereupon, Howard R. Harrison was appointed as administrator *c. t. a., d. b. n.,* of the estate of Mae Gallatin Eby, deceased, accepted the appointment, and duly qualified as such administrator, and such letters of administration were issued on the ...... day of September, 1944.

7. On 20 September, 1944, Howard R. Harrison, administrator *c. t. a., d. b. n.,* filed a motion praying that he be permitted to enter this action as plaintiff, reciting the fact that as administrator without the will annexed he had begun the action and brought the suit in good faith and that under the law he should be and act as plaintiff and prosecute said action, as will appear from the records on file in this court.

The clerk held that since E. J. Burns was not appointed administrator *c. t. a.* of the estate of Mae Gallatin Eby until after the expiration of more than twelve months from the death of Mae Gallatin Eby, and Howard R. Harrison was not appointed administrator *c. t. a., d. b. n.,* until after the resignation of E. J. Burns, as administrator *c. t. a.,* this action cannot be maintained, and that Howard R. Harrison, administrator *c. t. a., d. b. n.,* cannot legally be made a party to this action, and denied the motion and dismissed the action. On appeal to the Superior Court, his Honor approved the order of the clerk and confirmed it in all respects. From judgment so entered, Howard R. Harrison, administrator *c. t. a., d. b. n.,* appeals to the Supreme Court.

*Douglass & Douglass and Seawell & Seawell for plaintiff.*

*Sharp & Sharp, U. L. Spence, and Varser, McIntyre & Henry for defendant.*

DENNY, J. The sole question for our determination on this appeal is whether or not Howard R. Harrison, administrator *c. t. a., d. b. n.,* of Mae Gallatin Eby, deceased, has the legal right to be made the plaintiff in this action and to prosecute the same.

This identical question does not seem to have been passed upon heretofore by this Court. Nevertheless we think the court below did err in signing the judgment denying the motion of Howard R. Harrison, administrator *c. t. a., d. b. n.,* of Mae Gallatin Eby, deceased, to be substituted as plaintiff in the action.

This action, for the wrongful death of Mae Gallatin Eby was duly and properly instituted by the administrator of the decedent's estate within one year after such death, as required by G. S., 28-173.

The appellee contends that upon the facts in this case, the Court is without power to convert the pending action, that cannot be maintained, into a new one by admitting a new party plaintiff, citing *Merrill v. Merrill,* 92 N. C., 657; *Clendenin v. Turner,* 96 N. C., 416; *Best v. Kinston,* 106 N. C., 205, 10 S. E., 997; *Hall v. R. R.,* 146 N. C., 345, 59 S. E., 879; *Gulledge v. R. R.,* 147 N. C., 234, 60 S. E., 1134; *S. c.,* 148 N. C., 568, 62 S. E., 732; *Hall v. R. R.,* 149 N. C., 108, 62 S. E., 899; *Bennett v. R. R.,* 159 N. C., 345, 74 S. E., 883; *J. H. Hood, Admr., v. Amer. Tel. & Tel. Co.,* 162 N. C., 92, 77 S. E., 1094; *Reynolds v. Cotton Mills,* 177 N. C., 412, 99 S. E., 240. We do not concede that the pending action cannot be maintained. Moreover, each of the above cited cases is distinguishable from the one here presented. It will be observed upon examination of the above authorities, that either a new cause of action was involved or the original action was instituted by a party without legal authority to institute it. That is not the situation here. This action was brought by an administrator legally appointed by the probate court having exclusive jurisdiction of the subject matter. Moreover, pending the appointment and qualification of an administrator or the probate and filing of a will, a collector may be appointed in order that an action for wrongful death may be instituted within the statutory time. G. S., 28-25; *In re Palmer's Will,* 117 N. C., 133, 23 S. E., 104; *Gulledge v. R. R., supra.*

It is provided by statute in this State, that whenever letters of administration have been issued and a will is subsequently probated and letters issued thereon, the letters of administration must be revoked. G. S., 28-31. This same statute, however, provides that all acts by the administrator, done in good faith, are valid. *Shober v. Wheeler,* 144 N. C., 403, 57 S. E., 152.

The acts of administration done prior to the discovery and probate of a will, in the due course of administration, "are binding on the parties interested in the estate, including the executor in the will." 21 Am. Jur., sec. 165, p. 466, citing numerous authorities. Furthermore, it is provided in G. S., 28-181, "In case the letters of administration of an executor, administrator or collector are revoked, pending an action to which he is a party, the adverse party may, notwithstanding, continue the action against him in order to charge him personally. If such party does not elect so to do, within six months after notice of such revocation, the action may be continued against the successor of the executor, administrator or collector in the administration of the estate, in the same manner as in case of death." A cause of action which survives against

successor personal representatives of an estate likewise survives in favor of successor personal representatives of an estate. G. S., 28-172; *Suskin v. Trust Co.,* 214 N. C., 347, 199 S. E., 276. And, where an action is brought to recover assets by "a general executor or administrator, who afterwards dies, resigns or is removed," the action "may be revived in the name of his successor." Schouler on Wills, Executors and Administrators, sixth edition, Vol. 3, sec. 2144. While any sum recovered for wrongful death is not a part of the assets of the decedent's estate, nevertheless such sum can only be recovered in the name of decedent's personal representative, and must be distributed under the laws of intestacy in this State. G. S., sections 28-173 and 28-176; *Neill v. Wilson,* 146 N. C., 242, 59 S. E., 674; *Hines v. Foundation Co.,* 196 N. C., 322, 145 S. E., 612; *Hanes v. Sou. Public Utilities Co.,* 191 N. C., 13, 131 S. E., 402; *Pearson v. Stores Corp.,* 219 N. C., 717, 14 S. E. (2d), 811.

Once a personal representative of an estate is duly appointed, if such representative dies, resigns or is removed, the law contemplates a continuity of succession until the estate has been fully administered; and upon the death, resignation or removal of a personal representative, who has properly brought an action for wrongful death, the action does not abate. G. S., 1-74. And G. S., 28-33, requires the clerk of the Superior Court, in all cases of revocation of letters, to appoint immediately some person to succeed in the administration of the estate. It is immaterial in so far as the continuity of the succession is concerned, whether the successor be an administrator *d. b. n.,* an executor, an administrator *c. t. a.,* an administrator *c. t. a., d. b. n.,* or a collector. The intent and purpose of the law relative to administration of estates is to protect and preserve the estate and all rights incident thereto. This is necessarily true because beneficiaries of estates must act through personal or legal representatives of the decedent's estate, and such representatives in turn act under the supervision of probate courts. And while the right to bring an action for the benefit of an estate or the beneficiary thereof, is given by statute to the personal or legal representative of such estate, such representative, though a necessary, is, none the less, a formal or nominal party, acting in the capacity of a trustee or agent of the beneficiary of the estate. Sherman and Redfield on Negligence, Vol. 4, sec. 826, p. 1874; *Baker v. R. R.,* 91 N. C., 308; *Broadnax v. Broadnax,* 160 N. C., 432, 76 S. E., 216; *Avery v. Brantley,* 191 N. C., 396, 131 S. E., 721.

Has the right of the appellant to prosecute this action been impaired because the defendant was the movent in obtaining the revocation of the original letters of administration and had a friendly administrator *c. t. a.* appointed as successor to the administrator, and who did not have himself made a party to the action? We do not think so. E. J. Burns held his letters as administrator *c. t. a.* of the estate for only 18 days, when

he resigned. It is clearly indicated by him in his resignation that he held his appointment merely as a straw man. He stated he was a stranger to the proceedings and had done nothing for or in behalf of the estate. He further stated that he was not the choice of the sole beneficiary under Mrs. Eby's will, for personal representative of the estate, but that the original administrator was the choice of the sole beneficiary, and that he had so indicated his choice in writing to the clerk of the Superior Court. Whereupon, Howard R. Harrison, said original administrator, was duly appointed administrator *c. t. a., d. b. n.,* of said estate, and is now acting in that capacity. It would be a travesty upon the administration of justice if a defendant in an action for wrongful death could, without notice, obtain the revocation of the letters of a personal representative of an estate, who had brought an action against him and have a successor appointed who was friendly to the defendant, and thereby defeat the action. The law is not so impotent. "Where an executor or administrator has been removed or discharged, the suit should be continued in the name of his successor in office." 1 C. J. S., sec. 112 (a), p. 159; *Kearns v. Dean,* 19 Pac., 817, 77 Cal., 555; *Skalski v. Krieger,* 159 N. E., 851, 26 Ohio App., 186; 1 Am. Jur., sec. 177, p. 112; 1 C. J., sec. 227, p. 145 and p. 149, note 88; *Taylor v. Savage,* 1 How., 282, 11 L. Ed., 132; *Lunsford v. Lunsford,* 122 Ala., 242, 25 S., 171; *More v. More,* 127 Cal., 460, 59 P., 823; *Tray Nat. Bank v. Stanton,* 116 Mass., 435; *Cox v. Martin,* 75 Miss., 229, 36 L. R. A., 800; *Burlington & M. R. Co. v. Crockett,* 17 Neb., 370, 24 N. W., 219; *Trimmer v. Todd,* 52 N. J. Eq., 426, 28 A., 583; *Heywood v. Ogden Motor Co.,* 71 Utah, 417, 266 Pac., 1040, 62 A. L. R., 1232. The appellant's motion should have been allowed.

The judgment of the court below is