LONNIE WAYNE BOWLING, SR., Administrator of the Estate of and Personal Representative of JESS WILLARD BOWLING, Deceased v. MATTHEW DAVID COMBS, JR., J. R. ROGERSON and BROUGHTON T. DAIL, SR., T/A HERTFORD SUPPLY CO.

No. 8213SC72

(Filed 4 January 1983)

1. **Death § 9— wrongful death settlement—failure of administrator to follow statute—relief from voluntary dismissal proper**

    The trial court did not err in setting aside a voluntary dismissal entered in an action for the decedent's wrongful death brought by decedent's brother who, as administrator, had purported to settle the action without either approval of a superior court judge or written consent of all parties entitled to receive the damages recovered since when the administrator settled the wrongful death claim with defendant without either approval by a superior court judge or decedent's widow's written consent, he failed to exercise the powers granted him as administrator by G.S. 28A-13-3(a)(23) in conformity with its express provisions. G.S. 28A-18-2(a) and G.S. 29-14.

2. **Death § 10— statute controlling distribution of wrongful death proceeds not in conflict with statute controlling manner in which action may be settled**

    An order of the North Carolina Industrial Commission which distributed proceeds of a wrongful death settlement did not alleviate the need for the administrator to obtain the written consent of decedent's widow pursuant to G.S. 28A-13-3(a)(23) since G.S. 97-10.2(f)(1) addresses solely the *distribution* of proceeds of, *inter alia*, a wrongful death settlement, whereas G.S. 28A-13-3(a)(23) controls the *manner* in which a wrongful death action may be settled by an administrator.

3. **Death § 9— wrongful death action—statute concerning abandonment of claim not controlling statute concerning settlement of claim**

    G.S. 28A-13-3(a)(23) specifically addresses settlement of wrongful death claims and is thus controlling, even where an administrator's action may also be characterized as abandonment of a claim by the estate within the more general language of G.S. 28A-13-3(a)(15).

4. **Death § 3.2; Rules of Civil Procedure § 60— wrongful death action—new administrator not party plaintiff when move to set aside dismissal—insufficient basis for holding dismissal erroneously entered**

    In a wrongful death action where there was a change of administrators and the new administratrix moved to have an earlier voluntary dismissal of the wrongful death action set aside prior to the time she was substituted for the former administrator as a party plaintiff, the technicality that she was not a party plaintiff when she moved to set aside the dismissal or when the motion was granted was not, under the circumstances, a sufficient basis for holding that the order setting aside the dismissal was erroneously entered.

Bowling v. Combs

**5. Estoppel § 4.7— equitable estoppel—question for jury**
  The trial court correctly refused to hold that an administratrix was estopped as a matter of law from challenging an earlier administrator's settlement with defendant since the evidence bearing on the issue of estoppel was conflicting and susceptible to diverse inferences.

APPEAL by defendants from *Clark, Judge.* Judgment entered 3 July 1981 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 11 November 1982.

*Walton, Fairley & Jess, by Ray H. Walton, for plaintiff appellee.*

*W. G. Smith and Bruce H. Jackson, Jr., for defendant appellants.*

WHICHARD, Judge.

I.

The issue is whether the court erred in allowing a motion by the decedent's widow to set aside a voluntary dismissal entered in an action for the decedent's wrongful death brought by an administrator who had purported to settle the action without either approval of a superior court judge or written consent of all parties entitled to receive the damages recovered, *see* G.S. 28A-13-3(a)(23); in substituting the widow, following the administrator's resignation and the widow's appointment as successor personal representative, as party plaintiff in the action; and in allowing the widow to prosecute the action to a judgment on a jury verdict. We find no error.

II.

On 22 February 1977 Lonnie Wayne Bowling, Sr. (hereafter Bowling), was appointed administrator of his deceased brother's estate. On 9 August 1977 Bowling, in his capacity as administrator, filed a complaint against defendants seeking damages for the wrongful death of his intestate. On 18 October 1977 he settled with defendants for $60,000 and released all claims against them. This settlement was consummated without either approval of a superior court judge or written consent of all persons entitled to receive damages, *see* G.S. 28A-13-3(a)(23), including Flossie "Lynn" Bowling Benton (hereafter Benton), widow of decedent. On

22 December 1977 Bowling filed a voluntary dismissal with prejudice in the action.

Over two years later Benton sought to revoke Bowling's letters of administration. On 25 January 1980 Bowling was allowed to resign as administrator, and Benton qualified as successor personal representative.

On 15 February 1980 Benton, as administratrix, moved (1) to set aside the 22 December 1977 voluntary dismissal, and (2) that she, as administratrix, be substituted as party plaintiff in the wrongful death action. By order dated 13 March 1980 Judge McLelland set aside the voluntary dismissal.

Defendants thereafter filed answers. Benton was substituted as party plaintiff by order dated 30 June 1980. She adopted the complaint, and the action proceeded to trial.

The jury returned a verdict for plaintiff in the sum of $82,500 and found that Benton was not estopped to share in the recovery. The court entered judgment on the verdict, and credited defendants with the $60,000 previously paid in the October 1977 settlement.

Defendants appeal.

### III.

[1]   Defendants contend Judge McLelland erred in setting aside the voluntary dismissal, and that the trial judge erred in failing to dismiss the action on the ground that Judge McLelland's order was erroneous. We disagree.

"The right to administer on the estate of an intestate is entirely statutory." *In Re Estate of Edwards*, 234 N.C. 202, 203, 66 S.E. 2d 675, 676 (1951). The right of action for wrongful death is also exclusively statutory. *E.g., Skinner v. Whitley*, 281 N.C. 476, 478, 189 S.E. 2d 230, 231 (1972). Under the Wrongful Death Act, G.S. 28A-18-2, only the "collector of the decedent" or the personal representative — *i.e.*, the administrator of an intestate, or the executor of one who dies testate — may institute an action for wrongful death; and he does so as the representative of the estate. *E.g., Stetson v. Easterling*, 274 N.C. 152, 155, 161 S.E. 2d 531, 533 (1968); *Broadfoot v. Everett*, 270 N.C. 429, 431, 154 S.E. 2d 522, 525 (1967). *See* G.S. 28A-18-2(a), -3. Because the right to an

action for wrongful death "rests entirely upon [the] Act [,] . . . [it] must be asserted in conformity therewith," *Webb v. Eggleston*, 228 N.C. 574, 576, 46 S.E. 2d 700, 702 (1948). Bowling's general powers as administrator, as well as his right to sue for wrongful death as personal representative of the estate, were thus entirely statutory, and could only be exercised in conformity with the applicable statutes.

G.S. 28A-13-3(a)(23) grants to the personal representative of an estate the power

> [t]o maintain actions for the wrongful death of the decedent according to the provisions of Article 18 of this Chapter and to compromise or settle any such claims, whether in litigation or not, *provided that any such settlement shall be subject to the approval of a judge of superior court unless all persons who would be entitled to receive any damages recovered under G.S. 28A-18-2(b)(4) are competent adults and have consented in writing.* [Emphasis supplied.]

G.S. 28A-18-2(a) provides that any recovery for wrongful death is to be distributed according to the Intestate Succession Act, G.S. 29-1 to -30. Benton, as the surviving spouse of decedent, is among the persons entitled to receive any recovery under G.S. 28A-18-2(b)(4). *See* G.S. 29-14. When Bowling settled the wrongful death claim with defendants without either approval by a superior court judge or Benton's written consent, he failed to exercise the powers granted him as administrator by G.S. 28A-13-3(a)(23) in conformity with its express provisions.

When Bowling commenced the wrongful death action as administrator of the estate, he was "acting in the capacity of a trustee or agent of the beneficiary of the estate," *Harrison v. Carter*, 226 N.C. 36, 40, 36 S.E. 2d 700, 703 (1946). In that capacity he failed to exercise his statutory powers in conformity with express provisions of the applicable statute by failing to accord Benton, as a beneficiary of the wrongful death recovery, the statutory protections provided for her benefit. These circumstances constituted a "reason justifying relief from the operation of the" voluntary dismissal, G.S. 1A-1, Rule 60(b)(6); and it was therefore properly set aside. It follows that the court did not err in denying defendants' motion to dismiss on the ground that it was erroneously set aside.

IV.

[2] Benton applied for a lump sum worker's compensation award in May 1977, and the Commission entered an order directing distribution of that award and the $60,000 wrongful death settlement. Defendants argue that Bowling was not required to obtain the written consent of Benton pursuant to G.S. 28A-13-3(a)(23) because "the general language of" that section "is not operative in a case involving the North Carolina Industrial Commission which is specifically empowered . . . to order the distribution of any proceeds recovered in any action against a third party tortfeasor." *See* G.S. 97-10.2(f)(1).

When statutes can be reconciled by any fair construction, that construction must be adopted. *See State v. Massey,* 103 N.C. 356, 358, 9 S.E. 632, 632 (1889). G.S. 97-10.2(f)(1) addresses solely the *distribution* of proceeds of, *inter alia,* a wrongful death settlement, whereas G.S. 28A-13-3(a)(23) controls the *manner* in which a wrongful death action may be settled by an administrator. There is thus no conflict between the statutes, fairly and properly construed, and each remains effective in its respective area of application.

V.

[3] Defendants further contend that G.S. 28A-13-3(a)(15), which authorizes the administrator to abandon claims by the estate, controls over G.S. 28A-13-3(a)(23), which requires written consent of beneficiaries to settle a wrongful death claim. "It is a well established principle of statutory construction that a section of a statute dealing with a specific situation controls, with respect to that situation, other sections which are general in their application." *Utilities Comm. v. Electric Membership Corp.,* 275 N.C. 250, 260, 166 S.E. 2d 663, 670 (1969); *accord, Davis v. Granite Corporation,* 259 N.C. 672, 676, 131 S.E. 2d 335, 338 (1963). G.S. 28A-13-3(a)(23) specifically addresses settlement of wrongful death claims and is thus controlling, even where an administrator's actions may also be characterized as abandonment of a claim by the estate within the more general language of G.S. 28A-13-3(a)(15).

VI.

[4] Defendants next contend that because Benton was not a party to the action at the time she moved to have the voluntary dis-

missal set aside, and was not substituted as party plaintiff until over three months after entry of the order setting aside the dismissal, the order was erroneously entered. Generally, only a party or his legal representative has standing to have an order set aside pursuant to G.S. 1A-1, Rule 60(b); and a stranger to the action may not obtain such relief. *See In re Bank,* 208 N.C. 509, 181 S.E. 621 (1935); *Browne v. Dept. of Social Services,* 22 N.C. App. 476, 478, 206 S.E. 2d 792, 793 (1974); G.S. 1A-1, Rule 60(b); W. Shuford, *North Carolina Civil Practice and Procedure* § 60-4 (2d ed. 1981). Under the discrete circumstances here, however, Benton cannot properly be regarded as a stranger to the action.

Bowling resigned, and Benton was appointed administratrix, on 25 January 1980. The right to prosecute a wrongful death suit belongs exclusively to the personal representative of the estate. *Stetson, Broadfoot, supra;* G.S. 28A-18-2(a), -3. "[U]pon the . . . resignation . . . of a personal representative, who has properly brought an action for wrongful death, the action does not abate." *Harrison v. Carter,* 226 N.C. 36, 40, 36 S.E. 2d 700, 703 (1946). G.S. 28A-10-5(1) provides that a resignation "shall not become effective until [, *inter alia,*] . . . [a] successor has been duly qualified." " 'Where an executor or administrator has been removed or discharged, the suit should be continued in the name of his successor in office.' [Citations omitted.]" *Harrison, supra,* 226 N.C. at 41, 36 S.E. 2d at 703.

Thus, when Benton made her motion in the cause on 15 February 1980, she was, by virtue of her capacity as administratrix, the only person entitled to function as plaintiff in the action. She alone had the legal right to be substituted for Bowling as party plaintiff. While it might have been the better practice to have granted Benton's motion to substitute her as party plaintiff before or simultaneously with the order granting her motion to set aside the dismissal, the 30 June 1980 order which substituted her as party plaintiff cured any defect in the order of procedure. The technicality that Benton was not a party plaintiff when she moved to set aside the dismissal or when the motion was granted is not, under the circumstances, a sufficient basis for holding that the order setting aside the dismissal was erroneously entered.

## VII.

[5] Defendants finally assign error to the court's failure to find that Benton was estopped as a matter of law from challenging Bowling's settlement with them.

The minimal elements of equitable estoppel are, as to the party estopped,

(1) Conduct . . . at least . . . reasonably calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party afterwards attempts to assert; (2) . . . conduct which at least is calculated to induce a reasonably prudent person to believe such conduct was intended or expected to be relied and acted upon; (3) knowledge, actual or constructive, of the real facts.

*Hawkins v. Finance Corp.*, 238 N.C. 174, 177-78, 77 S.E. 2d 669, 672 (1953); *see Peek v. Trust Co.*, 242 N.C. 1, 11-12, 86 S.E. 2d 745, 753 (1955). Additionally, the party asserting estoppel must show, as to his own conduct, "(1) lack of knowledge and the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party sought to be estopped; and (3) action based thereon of such a character as to change his position prejudicially." *Hawkins*, 238 N.C. at 178, 77 S.E. 2d at 672; *see Peek*, 242 N.C. at 12, 86 S.E. 2d at 753.

Defendants offered evidence that Benton was informed as early as April 1977 that attempts to settle the claim were being made; that Bowling informed Benton when the settlement was agreed upon; that Benton approved the $60,000 settlement; that Benton executed an application for a lump sum award from the Industrial Commission, which stated that "[s]ettlement has been made releasing all claims"; and that Benton knowingly acquiesced in the payment of certain bills incurred by her prior to her husband's death. Benton testified, however, that she had no memory of being informed of settlement negotiations prior to October 1977; that sometime after 20 October 1977 she was informed by an attorney that settlement had been made for $60,000, and she "told him [she] had rather not settle for that amount"; that she never received any of the $60,000 settlement; and that she did not recall ever asking Bowling to pay certain bills for her from the estate.

"The rule is that where only one inference can reasonably be drawn from undisputed facts, the question of estoppel is one of law for the court to determine." *Hawkins*, 238 N.C. at 185, 77 S.E. 2d at 677. *See also Peek*, 242 N.C. at 12, 86 S.E. 2d at 753. However,

> [h]ere the evidence bearing on the issue of estoppel was conflicting and susceptible of diverse inferences. While the evidence of the defendant[s] . . . was sufficient to justify the inference that [they] relied upon and [were] misled by the representations of the plaintiff, nevertheless other phases of the evidence justify the opposite inference.

*Peek*, 242 N.C. at 12, 86 S.E. 2d at 753-54. The court thus correctly refused to hold that Benton was estopped as a matter of law from challenging Bowling's settlement with defendants. The disputed facts were properly submitted to the jury for resolution.

No error.

Judges VAUGHN and WELLS concur.