WILLIAM E. FLEMING v. VANCE COUNTY BOARD OF EDUCATION, A PUBLIC BODY CORPORATE AND HILTON C. LEWIS, IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF THE VANCE COUNTY BOARD OF EDUCATION

No. 829SC96

(Filed 4 January 1983)

Schools § 13.2— dismissal of probationary teacher—sufficiency of notice

A probationary teacher received 30 days notice as required by former G.S. 115-142(o) and G.S. 115-142(a)(4.1) when he received notice of defendant's decision not to renew his contract on 7 May 1981 and where the end of plaintiff's employment was 18 June 1981. Former G.S. 115-157(1), (6).

APPEAL by plaintiff from *Hobgood (Robert), Judge*. Order and judgment entered 4 November 1981 in Superior Court, VANCE County. Heard in the Court of Appeals 16 November 1982.

Plaintiff appeals from a judgment denying his claim for (1) a declaratory judgment that he did not receive requisite statutory notice of nonrenewal of his probationary teaching contract, and (2) an injunction ordering his reinstatement.

*Pfefferkorn & Cooley, P.A., by Jim D. Cooley, for plaintiff appellant.*

*Perry, Kittrell, Blackburn & Blackburn, by George T. Blackburn, II, for defendant appellees.*

WHICHARD, Judge.

G.S. 115-142(o) (1978) (now G.S. 115C-325(o) (Cum. Supp. 1981))[1] requires that "[a] probationary teacher whose contract will not be renewed for the next school year shall be notified of this fact not less than 30 days before the end of his employment period." G.S. 115-142(a)(4.1) (1978) (now G.S. 115C-325(a)(3) (Cum. Supp. 1981)) provides: " 'Day' means any day except Saturday, Sunday, or a legal holiday. In computing any period of time, the day in which notice is received is not counted, but the last day of the period so computed is to be counted."

Plaintiff actually received notice of defendant's decision not to renew his contract when he went to the post office on 7 May 1981, signed a return receipt, and took delivery of a certified letter from defendant. The period of computation thus began on the following day, 8 May 1981.

Plaintiff received compensation for his employment through 18 June 1981. Although he only reported for work through half of 15 June 1981, the other half of 15 June, as well as 16, 17 and 18 June, were designated "leave days," for which all teachers, including plaintiff, were compensated. A designated number of annual vacation leave days must be included within the employment period for which teachers are paid. G.S. 115-157(1) (1978) (current version at G.S. 115C-316(a)(1) (Cum. Supp. 1981)). Further, "[t]he provisions for annual vacation leave . . . apply only to such persons employed . . . during the days designated." G.S. 115-157(6) (1978) (*see* current version at G.S. 115C-316(a)(3) (Cum. Supp.

---

1. Chapter 115, Elementary and Secondary Education, effective at the relevant time here, was rewritten and recodified as Chapter 115C, effective 1 July 1981.

1981) ). Thus the leave days on 15 through 18 June were part of plaintiff's period of employment for the purpose of establishing compensation under G.S. 115-157 (1978) (current version at G.S. 115C-316 (Cum. Supp. 1981) ).

We believe the employment period for salary purposes is the appropriate period to use in computing the requisite thirty day notice period. We therefore hold that 18 June 1981, the last day of compensated employment, was the "end of [plaintiff's] employment period" within the meaning of G.S. 115-142(o) (1978) (now G.S. 115C-325(o) (Cum. Supp. 1981) ). The total number of days between and including 8 May 1981, the next legal "day" after notice was received by plaintiff, and 18 June 1981, the end of plaintiff's employment, excluding Saturdays and Sundays, was thirty days. Nothing else appearing, then, defendant gave plaintiff the requisite statutory notice.

Whether any legal holidays must be excluded from this thirty day period remains to be determined. G.S. 115-157(1) (1978) (current version at G.S. 115C-316(a)(2) (Cum. Supp. 1981) ) provides that "each county . . . board of education shall designate the same or an equivalent number of legal holidays occurring within the period of employment for academic teachers as those designated by the State Personnel Council for State employees." Pursuant to G.S. 115-157(1), defendant designated eleven legal holidays for the 1980-81 school year: 4 July; 1 September; 27, 28 November; 24, 25, 26 December; 1 January; 20, 21, 22 April. No designated legal holidays fell between 8 May and 18 June.

Plaintiff argues that the "legal public holidays" established by G.S. 103-4 should be excluded as "legal holidays" within the meaning of G.S. 115-142(a)(4.1) (1978) (now G.S. 115C-325(a)(3) (Cum. Supp. 1981) ). We disagree. G.S. 115-157(1) is specific in its authorization to county boards of education to designate the required number of legal holidays. It thus controls over the general language of G.S. 103-4 in determining the issue presented. *See Utilities Comm. v. Electric Membership Corp.*, 275 N.C. 250, 260, 166 S.E. 2d 663, 670 (1969); *Bowling v. Combs*, 60 N.C. App. 234, 238, 298 S.E. 2d 754, 757 (1983).

We therefore hold that plaintiff received thirty days notice of nonrenewal of his contract, in full compliance with G.S. 115-142(o) (1978) (now G.S. 115C-325(o) (Cum. Supp. 1981) ). We thus need not

address his contention that he is entitled to an injunction reinstating him on the ground that he did not receive the requisite notice.

Affirmed.

Judges VAUGHN and WELLS concur.