GERTIE MAE BOOMER, Administratrix of the Estate of Joyce Boomer Forbes, deceased, Plaintiff v. SHERWOOD WATSON CARAWAY, Defendant

No. 933SC1232

(Filed 1 November 1994)

**Judgments § 326 (NCI4th); Limitations, Repose, and Laches § 9 (NCI4th)— no affirmative duty to have settlement for minors approved—no estoppel to assert statute of limitations—running of statute against minors**

Defendant was not estopped from asserting the statute of limitations in a wrongful death action, since the plaintiff-administratrix rather than the defendant had an affirmative duty to seek judicial approval of a settlement benefiting deceased's minor children; furthermore, a statute of limitation which has run against an administratrix has also run against the minor beneficiaries of a wrongful death settlement or recovery. N.C.G.S. § 28A-13-3(a)(23).

**Am Jur 2d, Judgments §§ 207 et seq.; Limitation of Actions §§ 422 et seq.**

BOOMER v. CARAWAY

[116 N.C. App. 723 (1994)]

Appeal by plaintiff from judgment entered 3 September 1993 by Judge Herbert O. Phillips, III in Pamlico County Superior Court. Heard in the Court of Appeals 13 September 1994.

*Law Offices of Grover C. McCain, Jr., by Grover C. McCain, Jr. and Glenn C. Veit, for plaintiff-appellant.*

*Dunn, Dunn & Stoller, by David A. Stoller and Andrew D. Jones, for defendant-appellee.*

LEWIS, Judge.

Plaintiff's intestate died from injuries received in an automobile accident with defendant on 31 August 1988. Plaintiff's attorney at the time, Samuel L. Whitehurst, and defendant's liability insurance carrier agreed to settle plaintiff's wrongful death claim, and on 31 October 1988 defendant's insurance company issued a check for $25,000 payable to plaintiff and her attorney. On 1 November 1988 plaintiff executed a release.

It is undisputed that Whitehurst embezzled the proceeds of the settlement and was subsequently disbarred. In May 1991 plaintiff retained her present counsel and filed an action against Whitehurst. Plaintiff initially recovered $11,369 through the North Carolina State Bar, which had imposed a restraining order on Whitehurst's trust account. The parties reached a consent judgment of $100,000 with a cash settlement of $22,000. However, Whitehurst did not carry professional liability insurance and subsequently filed for bankruptcy.

Plaintiff instituted the present action on 7 August 1992, asserting negligence on behalf of defendant and demanding compensatory and punitive damages in excess of $10,000. In his answer to the complaint, defendant pled the two-year wrongful death statute of limitations and the release signed by plaintiff on 1 November 1988. Defendant moved for judgment on the pleadings and for Rule 11 sanctions. Defendant also alleged contributory negligence and asserted entitlement to a credit for the $25,000 already paid to plaintiff and Whitehurst. The trial court granted defendant's motion for summary judgment on 3 September 1993, and plaintiff now appeals.

It is clear that plaintiff's action was filed after the applicable statute of limitation had expired. N.C.G.S. § 1-53(4) (1983) provides that wrongful death actions must be brought within two years from the death of the decedent. The decedent in this case died on 2 Sep-

tember 1988, and plaintiff filed this action on 7 August 1992, clearly beyond the two-year period.

On appeal, plaintiff argues that defendant should be estopped from asserting the statute of limitation as a defense because of the provisions of N.C.G.S. § 28A-13-3(a)(23) (Cum. Supp. 1993). That statute provides that a wrongful death settlement "shall be subject to the approval of a judge of superior court unless all persons who would be entitled to receive any damages . . . are competent adults and have consented in writing." *Id.* The beneficiaries of the settlement in the case at hand are the decedent's two minor children. The settlement, therefore, should have been approved by a judge. Plaintiff points out that neither party moved for a court order approving the settlement. Plaintiff asserts that by failing to obtain judicial approval defendant enabled plaintiff's attorney to take the money, and defendant should therefore be estopped from now asserting the statute of limitation. Plaintiff asserts that defendant's conduct in failing to seek approval "induced Mrs. Boomer to believe that the claim of the Estate had been concluded, and resulted in her failure to file a lawful claim within" the limitation period.

The statute, however, does not stipulate which party has the responsibility of obtaining judicial approval, and we find nothing to support plaintiff's contention that defendant had a duty to obtain judicial approval. Plaintiff cites the case of *Bowling v. Combs*, 60 N.C. App. 234, 298 S.E.2d 754, *disc. review denied*, 307 N.C. 696, 301 S.E.2d 389 (1983), in support of her position. In *Bowling*, the Court stated that the original administrator failed to fulfill his statutory duties because he neglected to seek either judicial approval of or written consent to a wrongful death settlement. *Id.* at 237, 298 S.E.2d at 756. This failure to accord the beneficiary her "statutory protections" constituted a justification for equitable relief. *Id.* Plaintiff asserts that in the case at hand, defendant's failure to seek judicial approval likewise constitutes a legitimate reason for equitable relief. We disagree. The *Bowling* Court specifically stated that "[w]hen Bowling [the administrator] settled the wrongful death claim with defendants without either approval by a superior court judge or Benton's [the beneficiary's] written consent, he failed to exercise the powers granted him as administrator by G.S. 28A-13-3(a)(23) in conformity with its express provisions." *Id.* We believe the only conclusion to be drawn from *Bowling* is that the administrator-plaintiff, not the defendant, has a duty to seek judicial approval.

Furthermore, *Bowling* did not involve a statute of limitation issue. In *Bowling*, the administrator had filed a complaint within the statutory period, and later settled the action. When the new administratrix was appointed several years later, she simply adopted the complaint and proceeded to trial. *Id.* at 236, 298 S.E.2d at 756. In the case at hand, no complaint was ever filed within the statutory period.

We note that application of the statute of limitation in this case might cause some concern since the beneficiaries of the estate are minors. Generally, a statute of limitation does not begin to run against a minor until the minor reaches age 18. N.C.G.S. § 1-17 (Cum. Supp. 1993). *See Jefferys v. Tolin*, 90 N.C. App. 233, 368 S.E.2d 201 (1988) (if guardian appointed for minor, limitation period runs from time of appointment). The general rule, however, is not applicable in the case at hand, because the minor children are not plaintiffs. The plaintiff in this case is the administratrix of the estate, who acts " 'in the capacity of a trustee or agent of the beneficiary of the estate.' " *Bowling*, 60 N.C. App. at 237, 298 S.E.2d at 756 (quoting *Harrison v. Carter*, 226 N.C. 36, 40, 36 S.E.2d 700, 703 (1946)). In *Fortune v. First Union National Bank*, 87 N.C. App. 1, 359 S.E.2d 801 (1987), *rev'd on other grounds*, 323 N.C. 146, 371 S.E.2d 483 (1988), this Court stated that "[w]here a trust has a claim against a third party, and the trustee is competent to sue, a statute of limitations will be deemed to have run against all beneficiaries, regardless of minority, when it has run against the trustee." *Id.* at 7, 359 S.E.2d at 805. Since the *Bowling* Court stated that an administratrix acts as a trustee for the estate in commencing a wrongful death action, we believe the rule stated in *Fortune* applies. Thus, if the statute of limitation has run against the administratrix, it has also run against the minor beneficiaries of a wrongful death settlement or recovery.

While we are sympathetic to plaintiff's situation, we conclude that the trial court correctly ordered summary judgment in favor of defendant. Without evidence that defendant had an affirmative duty to seek judicial approval of the settlement, we cannot find that defendant is estopped from asserting the statute of limitation. To extend the rule of minority rights to trustees, administrators and executors would be to make settlements uncertain and unduly hazard reliance on judgments. We note that plaintiff has successfully recovered some money from the wrongdoer in this case; she has recovered over $11,000 from Whitehurst's trust account, a $22,000 cash settlement, and a consent judgment of $100,000.

Because plaintiff's contentions are without merit, we find it unnecessary to address defendant's procedural arguments. The trial court did not err in entering summary judgment in favor of defendant.

Affirmed.

Judges JOHNSON and GREENE concur.