BOOMER v. CARAWAY

[342 N.C. 186 (1995)]

GERTIE MAE BOOMER, Administratrix of the Estate of Joyce Boomer Forbes, Deceased v. SHERWOOD WATSON CARAWAY

No. 596PA94

(Filed 3 November 1995)

**Judgments § 326 (NCI4th)— settlement involving minors—no estoppel to assert statute of limitations—disapproval of opinion language**

A decision by the Court of Appeals that defendant was not estopped from asserting the statute of limitations in a wrongful death action because plaintiff-administratrix rather than defendant had an affirmative duty to seek judicial approval of a settlement benefitting deceased's minor children is affirmed. However, a statement by the Court of Appeals that it could not find defendant was estopped from asserting the statute of limitation defense "without evidence that defendant had an affirmative duty to seek judicial approval of the settlement" is disavowed to the extent it suggests that the question of who has the duty to seek judicial approval of a settlement is one involving the presentation of evidence rather than a question of law.

**Am Jur 2d, Judgments § 222.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 116 N.C. App. 723, 449 S.E.2d 215 (1994), affirming judgment for defendant entered by Phillips, J., on 30 January 1993, in Superior Court, Pamlico County. Heard in the Supreme Court 10 October 1995.

*Law Offices of Grover C. McCain, Jr., by Grover C. McCain, Jr., and Glenn C. Veit, for plaintiff-appellant.*

*Dunn, Dunn & Stoller, by David A. Stoller and Andrew D. Jones, for defendant-appellee.*

PER CURIAM.

In affirming summary judgment for the defendant, the Court of Appeals said that it could not find defendant was estopped from asserting the statute of limitation defense "[w]ithout evidence that defendant had an affirmative duty to seek judicial approval of the settlement." *Boomer v. Caraway,* 116 N.C. App. 723, 726, 449 S.E.2d 215, 218 (1994). We disavow this language to the extent that it suggests

POWELL v. POWELL

[342 N.C. 187 (1995)]

that the question of who has the duty to seek judicial approval of a settlement is one involving the presentation of evidence rather than a question of law. In all other respects, we agree with the decision of the Court of Appeals. Accordingly, the decision of the Court of Appeals is affirmed.

AFFIRMED.