CAROLINE H. RIDDLE v. J. IVERSON RIDDLE, AND MORGANTON SAVINGS & LOAN ASSOCIATION

No. 8125SC954

(Filed 3 August 1982)

**1. Trusts § 3— active trust—burden of proof**

In an action alleging that a trust was passive, defendant trustee had the burden of proving the existence of an active trust since defendant was the party having peculiar knowledge of the facts surrounding the creation of the trust and his duties and functions, if any, respecting it.

**2. Trusts § 3— passive trust—sufficiency of evidence**

The trial court properly determined that a trust was passive and that the beneficiary was entitled to ownership and possession of the trust funds where there was no evidence that the settlor directed the trustee to manage, invest or otherwise perform duties in furtherance of the trust purpose, and the settlor testified that he intended that the trust funds be for the beneficiary's use and benefit.

**3. Attorneys at Law § 7.5— action involving trust—trustee's attorney fees—discretion of court**

The decision whether to award counsel fees to defendant trustee to be paid out of the trust res pursuant to G.S. 6-21(2) in an action to establish that the trust was passive rested within the sound discretion of the trial court.

APPEAL by defendant from *Owens, Judge*. Judgment entered 29 April 1981 in BURKE County Superior Court. Heard in the Court of Appeals 28 April 1982.

This case having been before us on two previous occasions, we by this appeal review only the trial court's decision on plaintiff's remaining claim. Facts necessary for an understanding of this matter are set out below.

*Oma H. Hester, Jr., for plaintiff appellee.*

*Simpson, Aycock, Beyer and Simpson, by Samuel E. Aycock, for defendant appellant.*

MORRIS, Chief Judge.

Plaintiff by supplemental and amended complaints alleged

8. That the Defendant, as "Trustee for Caroline H. Riddle" ostensibly holds title to principal funds, together with accrued interest, in the sum of Ten Thousand Dollars ($10,000.00) on deposit at Morganton Savings & Loan Association; that the Defendant has no duties or functions as "Trustee" in connection with said funds and performs no fiduciary duties in conjunction therewith; that the purported trust is impassive (sic) and inactive and the legal title and equitable title thereof are, accordingly, merged and the Plaintiff is fully and lawfully entitled to have the ownership and possession of said funds surrendered to her.

Defendant sought to prove that the trust was originally established for the purpose of maintaining, supporting and educating the three children born of the marriage of plaintiff and defendant J. Iverson Riddle and that it is presently being administered for that purpose. The trial judge concluded that the donor intended a gift to plaintiff, that the trust was passive, and that defendant Iverson had "no duties or responsibilities with respect to these funds, except such duty as may be imposed by law to account for the existence and preservation of these funds."

Defendant, by his first assignment of error, contends that the burden was on plaintiff to prove that the trust was passive; and that it was error, because plaintiff failed to prove the absence of duties imposed on the trustee, for the trial court to deny their

motion to dismiss pursuant to Rule 41(b) at the close of plaintiff's evidence.

**[1, 2]** As a general rule, plaintiff must allege and prove all the essential elements of his cause of action even though stated in negative form, *Wiles v. Mullinax*, 275 N.C. 473, 168 S.E. 2d 366 (1969). Where, however, as in the case sub judice, defendant is the party having peculiar knowledge of the facts surrounding the creation of the trust and his duties and functions, if any, respecting it, the burden is on the party capable of the proof. *Ange v. The Woodmen of the World*, 173 N.C. 33, 91 S.E. 586 (1917); *Home Insurance Co. v. Ingold Tire Co.*, 286 N.C. 282, 210 S.E. 2d 414 (1974). We hold that defendant failed to carry this burden, as his evidence was insufficient to establish the existence of an active trust.

> If the trust is to have permanence, not only must words connoting trust be used but the terms of the trust must give the trustee positive or active duties, the performance of which is necessary to carry out the purpose of the settlor.

Bogert, Trusts and Trustees § 206 (2d Ed. revised 1979).

> [A] trust transfer . . . "in trust for" another, or "for the benefit of" another, without describing any duties to be performed by the trustee in carrying out the use or trust, creates a trust which is clearly passive and which is executed by a transfer of the trustee's interest to the beneficiary who thereafter holds as absolute owner.

*Id.* at § 207. The record is devoid of indication that the settlor, H. L. Riddle, directed J. Iverson Riddle to manage, invest or otherwise perform duties in furtherance of the trust purpose. Moreover, H. L. Riddle's deposition testimony negates the existence of an active trust. H. L. Riddle describes no management duties and states that he intended that the $10,000 "be for her (plaintiff's) use and benefit." The conclusion that the money was intended for the sole use and benefit of plaintiff and that she is entitled to ownership and possession of the funds was a proper one. See *Pilkington v. West*, 246 N.C. 575, 99 S.E. 2d 798 (1957).

Defendant further alleges that the trial court committed prejudicial error by making findings of fact which were not supported by competent evidence and by reaching conclusions based on

those findings. We deem it unnecessary to speak to each exception addressed in this argument, holding that the court's finding that:

> . . . There has never been an explicit trust arrangement, established by written or parol agreement or evidence, governing or specifying any terms by which J. Iverson Riddle has held in trust any of the funds which have been on deposit in Morganton Savings and Loan Association. . . .

accurately reflected defendant's failure to carry his burden of proof and alone supports the court's conclusions and judgment.

[3] Defendant maintains by his third and final assignment that he is entitled to attorney's fees, to be paid, pursuant to G.S. 6-21(2), out of the trust res. The decision to award counsel fees is within the discretion of the trial court, *Hoskins v. Hoskins*, 259 N.C. 704, 131 S.E. 2d 326 (1963), and we will not disturb what we deem to be a sound exercise of that discretion.

The judgment is

Affirmed.

Judges CLARK and MARTIN (Harry C.) concur.