BETTY FORTUNE, INDIVIDUALLY, AND DALE FORTUNE, A MINOR, BY HIS GUARDI-
AN AD LITEM, BETTY FORTUNE v. FIRST UNION NATIONAL BANK, A
CORPORATION AND AS EXECUTOR AND TRUSTEE OF THE ROBERT L. FORTUNE
ESTATE AND TRUST

No. 8612SC1213

(Filed 1 September 1987)

1. **Executors and Administrators § 39; Trusts § 11— executor-trustee—breach of
   fiduciary duty—sufficiency of evidence**

   The evidence was sufficient to permit the jury to find that defendant bank
   breached its fiduciary duty as executor and trustee by retaining in the estate
   the stock of a car dealership which had been owned and operated by testator
   where it tended to show that several people expressed an interest in purchas-
   ing the dealership but that defendant decided, without taking offers, to retain
   and operate the corporation; the dealership sustained substantial losses begin-
   ning immediately after testator's death and continuing up until the estate sold
   the stock two years later; investing in a car dealership was more risky than
   many other investments; making a dealership successful depended heavily on
   the abilities of the general manager; defendant knew that testator had been
   critical to the success of the car dealership and discounted the book value of
   the stock on the estate tax return by 35% in part due to the death of testator;
   and defendant knew that the general manager it chose for the dealership had
   no experience in many facets of managing such a dealership.

2. **Executors and Administrators § 39; Trusts § 11— breach of fiduciary duty—
   executor or trustee—statute of limitations**

   Actions against an executor or trustee for breach of fiduciary duty are ac-
   tions arising out of a contract which are governed by the three-year statute of
   limitations of N.C.G.S. § 1-52(1).

1

3. **Limitation of Actions § 11; Trusts § 11— beneficiary's action against trustee — statute of limitations tolled by beneficiary's minority**

Where a trust has a claim against a third party and the trustee is competent to sue, a statute of limitations will be deemed to have run against all beneficiaries, regardless of minority, when it has run against the trustee. However, an action against a trustee for breach of fiduciary duty is a claim of the beneficiary, not the trust, and the statute of limitations is tolled during the beneficiary's minority. N.C.G.S. § 1-17(a).

4. **Trusts § 11— discretionary trust — trustee's breach of fiduciary duty — no individual recovery by beneficiary**

A beneficiary of a "family trust" is not entitled to an award of damages individually for breach of fiduciary duty by the executor-trustee where the trust was a "discretionary trust" in which the trustee had the discretion whether, and to what extent, to distribute trust income or principal to the beneficiaries, and the value of the beneficiary's interest in the trust was thus speculative. Rather, the damages should be placed in trust to be administered pursuant to the terms of the "family trust."

5. **Evidence § 24— deposition — inadmissible hearsay — absence of prejudice**

The deposition of a former trust officer of defendant bank was hearsay, and the trial court erred in permitting plaintiff to read a portion of the deposition into evidence, where the deponent was available to testify and N.C.G.S. § 8C-1, Rule 804(b)(1) thus did not render the deposition admissible, and where the deponent was not an officer of defendant at the time of his deposition so as to make the deposition admissible under N.C.G.S. § 1A-1, Rule 32(a)(3). However, such error was not prejudicial where much of the information in the deposition was established by the trial testimony of other witnesses and of the deponent himself, and where the most damaging testimony from the deponent came during his testimony at the trial.

6. **Trial § 36.1— instructions — use of "that you have found" — no comment on the evidence**

The trial court's reference to breach of fiduciary duty "that you have found" when instructing the jury on the issue of damages did not constitute an improper comment on the weight of the evidence on the issue of defendant's breach of fiduciary duty where the court had earlier charged that the jury was not to proceed to the issue of damages unless it first decided the issue of liability in plaintiffs' favor.

7. **Appeal and Error § 31.1— assignments of error to instructions — effect of failure to object at trial**

Assignments of error to the instructions given and to the court's failure to give equal stress to the contentions of the parties will not be considered on appeal where defendant failed to object to the court's instructions before the jury retired. App. Rule 10(b)(2).

8. **Appeal and Error § 24.1— ineffectual cross-assignments of error**

Plaintiff appellee's cross-assignments of error were ineffectual where they did not present an alternative basis to support the trial court's judgment. App. Rule 10(d).

APPEAL by defendant from *Barnette, Judge.* Judgment entered 25 June 1986 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 11 May 1987.

This is an action against the executor of an estate for breach of fiduciary duty. The evidence at trial tended to show the following. On 1 February 1977, Robert L. Fortune died, survived by his wife, Betty, and ten year old son, Dale. The estate's major asset was all of the outstanding stock of Royal Dodge, Inc. (Royal Dodge), a North Carolina corporation. Royal Dodge owned two car dealerships, both of which had been operated by Mr. Fortune, a condominium in North Myrtle Beach, and a diamond ring.

Mr. Fortune's will required that, after payment of his debts and certain bequests of personal property, his residuary estate be divided into two trusts. The first trust was a "marital deduction" trust. The second trust, entitled the "family trust," was to consist of whatever property remained after the funding of the marital deduction trust. The "family trust" provided that, during the life of Betty Fortune, the trustee in its "absolute discretion" could accumulate all or any part of the trust's income or distribute all or any part of it to either Betty Fortune, Dale Fortune, or any issue of Dale Fortune. The trustee was also given the power to distribute the trust's principal in the same discretionary manner. The trust provided that, upon the death of Betty Fortune, all trust property would be distributed to Dale Fortune, or, if Dale predeceased his mother, to any of his surviving issue. Defendant, First Union National Bank, was named in the will as executor of the estate and trustee of both trusts.

Defendant qualified as executor of the estate on 8 February 1977. Although several people expressed an interest in purchasing some or all of the stock of Royal Dodge, defendant decided to retain the stock. Defendant immediately elected two of its employees to Royal Dodge's Board of Directors, replacing the position held by Mr. Fortune, as well as the position to which Dale Fortune had been named. On 24 March 1977, the Board added two more director's positions, electing another of defendant's employees and William Campbell, a former employee of Chrysler Credit Corporation who had recently been hired as Royal Dodge's new general manager. Mr. Campbell was also elected president of the corporation.

During the following two years, however, Royal Dodge sustained losses in excess of $380,000. In September 1978 the Board replaced Mr. Campbell with Charles R. Thompson. On 7 February 1979, Mr. Thompson purchased the stock held by the estate for $90,000, payable in 10 equal installments. The agreement was conditioned on, among other things, the buyer obtaining the release of the estate and Betty Fortune from "contingent" liabilities of approximately $2,500,000 due two banks and Chrysler Credit Corporation. Due to previous litigation against Chrysler Credit Corporation, defendant had received permission from the Cumberland County Superior Court Clerk to extend the time for administering the estate. Consequently, the estate has not yet been closed and, except for one dollar, the two trusts not yet funded.

On 2 March 1982, Ms. Fortune brought this action for herself and, as Guardian Ad Litem, for her son Dale. The complaint alleged that defendant acted fraudulently and negligently in managing the assets of the estate. Plaintiffs requested: (1) the removal of defendant as both executor and trustee; (2) an accounting to the court for all the assets of the estate; (3) payment to plaintiffs of all income generated from the estate; (4) an order surcharging defendant for costs and damages to the estate and trusts; (5) compensatory damages for mental anguish and emotional trauma; and (6) punitive damages. On 10 October 1983, defendant moved for judgment on the pleadings, or, in the alternative, for summary judgment on all claims. By order filed 30 January 1984, the trial court granted summary judgment in favor of defendant on all claims by Betty Fortune except her claim for an accounting. The court granted defendant's motion for judgment on the pleadings on Dale Fortune's claims for fraud and special damages but denied it as to his other claims.

The remaining claims were tried before a jury. After plaintiff's evidence was presented, the trial court granted defendant's motion for a directed verdict on the issue of punitive damages. The court submitted the following issues to the jury: (1) whether defendant breached its fiduciary duty to Dale Fortune in administering the estate or acting as trustee, and (2) if so, what amount of damages are due Dale Fortune. The jury returned a verdict for Dale Fortune in the amount of $413,744.76. Defendant's motions for judgment notwithstanding the verdict and, alternatively, for a new trial, were denied.

*McLeod, Senter & Winesette, by Joe McLeod, for the plaintiff-appellees.*

*Hamel, Helms, Cannon, Hamel & Pearce, by Reginald S. Hamel; Francis C. Clark, Staff Attorney, First Union National Bank; Maupin, Taylor, Ellis & Adams, by R. Stephen Camp, for defendant-appellant.*

EAGLES, Judge.

I

[1] Defendant first argues that the trial court erred in denying its motions for directed verdict and for judgment notwithstanding the verdict. Defendant contends that the evidence was insufficient to show it breached its fiduciary duty, and that Dale Fortune's claims were barred by the statute of limitations. We disagree.

An executor acts in a fiduciary capacity to those who are beneficiaries of the estate. *See Moore v. Bryson,* 11 N.C. App. 260, 181 S.E. 2d 113 (1971); G.S. 32-2. G.S. 28A-13-10(c) provides that an executor of an estate is liable:

> [F]or any loss to the estate arising from his failure to act in good faith and with such care, foresight and diligence as an ordinarily reasonable and prudent man would act with his own property under like circumstances. If the exercise of power concerning the estate is improper, the personal representative is liable for breach of fiduciary duty to interested persons for resulting damage or loss to the same extent as a trustee of an express trust. G.S. 28A-13-10(c).

Therefore, an executor, in performing those duties related to managing the estate's assets, acts as a trustee to beneficiaries of the estate. *Id.*; Restatement (Second) of Trusts section 6, comment b (1959). Bogert, The Law of Trusts and Trustees section 12 (rev. 2d ed. 1984). As such, the executor is liable for the depreciation of assets which an ordinarily prudent fiduciary would not have allowed to occur. *See* G.S. 36A-2(a); Restatement (Second) of Trusts section 209 (1959); Bogert, The Law of Trusts and Trustees section 702 (rev. 2d ed. 1982).

The evidence showed that several people expressed an interest in purchasing Royal Dodge but that defendant decided,

without taking offers, to retain and operate the corporation. It also showed that Royal Dodge sustained substantial losses beginning immediately after Mr. Fortune's death and continuing up until the time the estate sold the stock. There was evidence that investing in a car dealership was more risky than many other investments; that making it successful depended heavily on the abilities of the general manager; that defendant knew Mr. Fortune had been critical to the success of the car dealerships, so much so that they discounted the book value of the stock on the estate tax return by 35%, in part due to the death of Mr. Fortune; and that defendant knew Mr. Fortune's replacement, Mr. Campbell, had no experience in many facets of managing a car dealership.

When determining whether to grant a motion for a directed verdict, the evidence must be viewed in the light most favorable to the non-moving party, giving it the benefit of every reasonable inference which can be drawn therefrom. *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 329 S.E. 2d 333 (1985). Defendant argues that the inquiries about purchasing the stock were not sufficiently attractive to justify sale of the stock and that an ordinarily reasonable and prudent person would not have been able to anticipate the stock's decline in value. The validity of those arguments, however, is for the jury to decide. The evidence was sufficient to permit the jury to find that defendant's retention of Royal Dodge stock was a breach of its fiduciary duty. Therefore, the trial court properly denied defendant's motion for a directed verdict.

[2] We also find no merit in defendant's argument that the statute of limitations had run against Dale Fortune's claims. G.S. 1-52(1) provides that actions on a contract, or obligations or liabilities arising out of a contract, must be brought within three years of the breach. Actions against an executor or trustee for breach of fiduciary duty are actions arising out of contract. *Tyson v. N.C.N.B.*, 305 N.C. 136, 286 S.E. 2d 561 (1982). G.S. 1-17(a), however, provides for the tolling of most statutes of limitation, including G.S. 1-52(1), during a person's minority. Therefore, even assuming this action was brought after the three year statutory period, because Dale Fortune was a minor when the complaint was filed, the statute of limitations does not bar his claims.

[3]  Defendant, however, arguing that plaintiff's claim belongs to the trust, contends that a statute of limitations which runs against the trustee will also run against all of the beneficiaries. We disagree. Where a trust has a claim against a third party, and the trustee is competent to sue, a statute of limitations will be deemed to have run against all beneficiaries, regardless of minority, when it has run against the trustee. *See* 76 Am. Jur. 2d *Trusts* section 594 (1975). An action against a trustee for breach of fiduciary duty, however, is a claim of the beneficiary, not the trust. *Id.*, section 578. *See also* Restatement (Second) of Trusts section 200, comment a (1959); Bogert, The Law of Trusts and Trustees section 861 (rev. 2d ed. 1982). Therefore, common provisions for the tolling of the statute of limitations are available to a beneficiary in an action against his trustee. Bogert, The Law of Trusts and Trustees section 951 (2d rev. ed. 1982). The trial court did not err in failing to grant defendant's motion for a directed verdict on the grounds that Dale Fortune's claims were barred by the statute of limitations.

## II

Defendant has made several assignments of error regarding the measure of damages received by plaintiff. Defendant argues that: (1) the trial court should have granted plaintiff's motion for a directed verdict because plaintiff failed to prove his damages with reasonable certainty; (2) the trial court erred in failing to give a requested instruction that plaintiff was entitled to only "nominal damages"; and (3) the trial court erred in instructing the jury that plaintiff, Dale Fortune, was a "joint beneficiary" of the estate and, therefore, could be awarded one-half of the estate's damages. We agree with defendant that the award of damages given to plaintiff, individually, was erroneous. Nevertheless, none of defendant's objections at trial point to any reversible error by the trial court. Therefore, while we remand for modification of the trial court's judgment to require a different remedy, we affirm the liability of defendant for the amount of the jury's award.

[4]  Defendant correctly argues that the speculative nature of plaintiff's interest precludes him from an individual award of damages. The "family trust" established by Mr. Fortune's will is a "discretionary trust" designed to benefit Betty Fortune, Dale Fortune, and any children Dale may have. A "discretionary trust" is

a trust where the trustee has discretion whether, and to what extent, to apply trust income or principal to, or for the benefit of, the beneficiaries. *Lineback v. Stout*, 79 N.C. App. 292, 339 S.E. 2d 103 (1986); G.S. 36A-115(b)(1). By nature then, the value of a beneficiary's interest in a discretionary trust is problematic and any recovery for damage to that interest becomes dubious. In addition, since plaintiff's interest in the estate arises solely out of his interest in an essentially unfunded trust, not only does the nature of the trust make plaintiff's interest uncertain, but the amount of property from which that interest springs is as yet undetermined.

Under these circumstances, plaintiff Dale Fortune is not entitled to recover damages personally. Unless, by the proper exercise of a trust's terms, the trustee is obligated to pay or apply a sum certain to, or for the benefit of, the beneficiary, the beneficiary has no right to an action at law against the trustee for breach of fiduciary duty. *See* Restatement (Second) of Trusts sections 197-198, and comments (1959); Bogert, The Law of Trusts and Trustees, section 870 (rev. 2d ed. 1982); Bogert, Trusts, section 157 (6th ed. 1987). Instead, his interest in the trust property remains an equitable one for which the remedy is suing the trustee to redress the breach by accounting to the trust for damages caused thereby. *See* Restatement (Second) of Trusts section 199 (1959); Bogert, The Law of Trusts and Trustees, sections 970-971 (rev. 2d ed. 1983). Here, the trust is still "active," not "passive," *see Riddle v. Riddle*, 58 N.C. App. 594, 293 S.E. 2d 819 (1982), and there is no allegation that, under the terms of the trust, plaintiff is owed a sum certain of the trust's income or principal. Consequently, plaintiff is not entitled to an individual monetary award.

The rule that a trust beneficiary under these circumstances may not recover damages individually is mandated by several, well-established common law principles. First, all damages, except nominal damages, must be proven with reasonable certainty. *Phillips v. Insurance Co.*, 43 N.C. App. 56, 257 S.E. 2d 671 (1979). Because plaintiff cannot show if, when, how frequently, or to what extent, the trustee will exercise its discretion in distributing the trust's income and principal, any degree of certainty in determining his damages is impossible. Second, damages for breach of trust are designed to restore the trust, and the beneficiary, to the same position they would have been in had there been no breach.

*See Freeman v. Cook*, 41 N.C. 373 (1 Ired. 1849); Bogert, The Law of Trusts and Trustees section 706 (rev. 2d ed. 1982). Prior to defendant's breach, the estate had title to the property and plaintiff had a mere expectancy in a portion of its income and principal. An award of damages directly to plaintiff leaves the estate without the assets it otherwise would have had and gives plaintiff a sum of money he would not necessarily have been entitled to. Last, courts should not alter the intent of the donor by giving a beneficiary more or less of an interest in the trust than what was intended. *Penick v. Bank*, 218 N.C. 686, 12 S.E. 2d 253 (1940). Mr. Fortune anticipated that, until Ms. Fortune's death, his son Dale would share in his residuary estate only in the discretion of the trustee. He also intended that any children Dale might have in the future, whose interests were not represented at trial, would also have an interest in the income and principal of the trust. Permitting an award to Dale Fortune individually, free of the trust, defeats the purposes of the trust.

Although plaintiff Dale Fortune is not entitled to recover the amount of the jury's verdict individually, defendant's assignments of error relating to the measure of damages are without merit. Defendant complains that the trial court should have granted its motion for directed verdict and should have given the jury defendant's requested instruction that plaintiff could recover only nominal damages. Defendant does not complain that the evidence of damage to the estate was insufficient, only that it was insufficient to show plaintiff's individual damages. The complaint, however, properly prayed for an accounting and a surcharging of defendant trustee for damages caused to the estate and trusts. In addition, plaintiff's individual claim for special damages was dismissed before trial. Therefore, when defendant moved for a directed verdict and requested an instruction on nominal damages, the question of what damages were recoverable by Dale Fortune individually was not even an issue. Since there was evidence of damage to the estate, the trial court did not err in denying defendant's motion or in failing to give defendant's requested instruction.

Defendant's assignment of error regarding the trial court's instruction that plaintiff was a "joint beneficiary" of the estate is similarly without merit. Defendant argues that the instruction erroneously enabled plaintiff to recover one-half the estate's

damages when the evidence of damage to his interest was merely speculative. We have already addressed that argument. Moreover, defendant does not argue that one-half of the total damages is inappropriate for the estate to recover, only that it is an inappropriate measure of damages for Dale Fortune individually to recover. Therefore, the question of the proper measure of damages recoverable by an estate or trust from its fiduciary when, as here, fewer than all of the beneficiaries are able to maintain an action for breach of fiduciary duty, is not before us. Defendant's assignment of error regarding the trial court's instruction on "joint beneficiaries" is overruled.

## III

[5] Next, defendant argues that the trial court erred in admitting certain deposition testimony at trial. We find no prejudicial error.

During trial, plaintiff was allowed to read into evidence, over defendant's objection, part of the deposition testimony of Mr. Wayne Jordan. Mr. Jordan had served as a Trust Officer for defendant during much of the administration of Mr. Fortune's estate. Mr. Jordan left defendant's Trust Department in 1985 and returned there in 1986. At the time his deposition was taken, however, Mr. Jordan was not employed by defendant.

Except as provided in G.S. 8C-1, Rule 804(b)(1) the deposition testimony of Mr. Jordan is inadmissible hearsay. Since Mr. Jordan was available to testify, and in fact later did so, Rule 804(b)(1) is inapplicable. G.S. 1A-1, Rule 32(a)(3), however, provides, in part, that a deposition may be used as substantive evidence where the deponent "*at the time of taking the deposition* was an officer, director, or managing agent" [emphasis added] of a private corporation which is an adverse party to the party using the deposition. Since Mr. Jordan was not an officer of defendant at the time his deposition was taken, its admission as substantive evidence was error.

The burden, however, is on the complaining party to show not only that the trial court erred but that the error was prejudicial. *Builders Supply v. Midyette*, 274 N.C. 264, 162 S.E. 2d 507 (1968). The admission of incompetent evidence will not be held prejudicial where its importance is abundantly established by

other competent evidence. *Board of Education v. Lamm*, 276 N.C. 487, 173 S.E. 2d 281 (1970). Although defendant has established that admission of Mr. Jordan's deposition testimony was error, it has failed to show how that testimony harmed its chances of success. Much of the deposition consisted of Mr. Jordan describing his own, and defendant's background in trust administration, the election of directors to Royal Dodge's Board, the appointment of William Campbell as general manager, and the manner in which defendant oversaw the corporation's management. Much of that same information was established by testimony from other witnesses and, later in the trial, by Mr. Jordan himself. Furthermore, the most damaging testimony from Mr. Jordan, that regarding the degree of losses suffered by Royal Dodge and the failure of defendant to follow up on offers to purchase the corporation, came during his testimony at trial, not from his deposition. Consequently, the error in admitting the deposition as substantive evidence was not prejudicial.

IV

Defendant has also assigned as error several parts of the trial court's instructions. Specifically, defendant claims that the trial court erred in: (1) instructing that plaintiff must prove that the breach of fiduciary duty "that you have found," caused him damage; (2) instructing the jury that defendant was responsible for managing Royal Dodge by virtue of its control of the corporation's Board of Directors; (3) instructing that if the fiduciary has special skills or is named as fiduciary based on its representations of special skills, then it was under a duty to use those skills; and (4) failing to give equal stress to the contentions of the parties. We disagree.

[6] Defendant contends that, by using the phrase "that you have found" when instructing the jury on the issue of damages, the trial court improperly commented on the weight of the evidence on the issue of defendant's breach of fiduciary duty. Since the court was instructing on the issue of damages, however, it was understandably speaking of liability in the past tense. Earlier, the trial court charged the jury that it was not to proceed to decide the issue of damages unless it first decided the issue of liability in plaintiffs' favor. Consequently, the jury could not have interpreted the phrase as intimating that the trial judge believed

defendant had breached its fiduciary duty to plaintiff. This assignment of error is without merit.

[7]  By failing to object to the trial court's instructions before the jury retired to deliberate, defendant has waived any right to make its three remaining arguments the subject of an assignment of error. N.C.R. App. P. 10(b)(2); *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). This is true even as to defendant's argument relating to the trial court's summary of the parties' contentions. *Rector v. James*, 41 N.C. App. 267, 254 S.E. 2d 633 (1979) (objections to the statement of contentions must ordinarily be brought to the trial court's attention). While no objection to the statement of the parties' contentions is required if it includes an expression of opinion on the evidence, *State v. Watson*, 1 N.C. App. 250, 161 S.E. 2d 159 (1968), merely giving unequal stress to them does not amount to an expression of opinion.

## V

Last, defendant contends that the trial court erred in failing to grant its motion for a new trial. A decision whether to grant a new trial is discretionary with the trial court and will not be disturbed absent a showing of an abuse of discretion resulting in a substantial miscarriage of justice. *Worthington v. Bynum and Cogdell v. Bynum*, 305 N.C. 478, 290 S.E. 2d 599 (1982). We find no abuse of discretion here.

## VI

[8]  Plaintiff has raised, by cross-assignments of error, the questions of whether the trial court erred in granting summary judgment against plaintiff, Betty Fortune, and in granting defendant's motion for directed verdict on the issue of punitive damages. Rule 10(d) of the North Carolina Rules of Appellate Procedure allows an appellee to make cross-assignments of error only when presenting an alternative basis to support the trial court's judgment. Plaintiff's assignments of error do not present an alternative basis for supporting the judgment. The proper method of raising plaintiff's arguments is an independent appeal. *See Whedon v. Whedon*, 68 N.C. App. 191, 314 S.E. 2d 794 (1984), *rev'd on other grounds*, 313 N.C. 200, 328 S.E. 2d 437 (1985). Here, plaintiff did not give notice of appeal or submit a separate appellant brief. In addition, we note that not all of the materials considered by the

trial court in granting summary judgment against Ms. Fortune are in the record. Therefore, plaintiffs' purported appeal is dismissed.

[4] Plaintiff Dale Fortune may not personally recover the damages awarded. Instead, the proper equitable remedy is to place those damages in trust, to be administered pursuant to the terms of the "family trust" for the benefit of Dale Fortune and his future issue, if any. Plaintiff Betty Fortune's interest is limited to her share in the estate's remaining assets. Therefore, we remand this case and direct that the judgment be modified consistent with this opinion. In addition, the trial court, on remand, retains jurisdiction to address any other equitable relief requested in the complaint.

Affirmed and remanded.

Judges ARNOLD and PARKER concur.