Fox v. Barrett

━━━━━━━━

CHARLES D. FOX, III AND WIFE, FRANCES PRESTON VENABLE FOX v. GERALD A. BARRETT, JR. AND THE LITTLE CREEK COMPANY, INC.

No. 8715SC1066

(Filed 3 May 1988)

**1. Process § 19— abuse of process—failure of complaint to state claim**

Plaintiffs' complaint failed to state a claim for abuse of process where plaintiffs did not allege any improper act by defendant occurring subsequent to the institution of the prior lawsuit; moreover, there was no merit to plaintiffs' argument that where the issuance of a valid summons is accompanied by a "fatally defective" complaint advancing no legitimate purpose or goal, all acts and proceedings resulting from such complaint constitute a continuing perversion and misuse of process for an improper, collateral purpose.

**2. Libel and Slander § 11— allegations in pleadings absolutely privileged—libel action dismissed**

The trial court properly dismissed plaintiffs' complaint for libel where the allegedly libelous statements were allegations in a prior lawsuit between the

parties, since statements in pleadings filed in a judicial proceeding which are relevant to the subject matter are absolutely privileged.

**3. Rules of Civil Procedure § 12— motion to dismiss for failure to state claim— consideration of material outside the pleading—no error**

There was no merit to plaintiffs' contention that the trial court erred in going outside the pleading to consider the complaint in a prior action in deciding on defendants' Rule 12(b)(6) motion, since plaintiffs' claim for libel focused exclusively on the complaint of the prior lawsuit.

**4. Appeal and Error § 6.2— denial of summary judgment motion—denial of motion to dismiss for failure to state claim—no appeal**

A denial of a motion for summary judgment is interlocutory and nonappealable, as is a denial of a motion to dismiss for failure to state a claim.

**5. Appeal and Error § 2— denial of writ of certiorari by one panel of court—no authority of second panel to review trial court's order**

Where one panel of the Court of Appeals had denied a petition for a writ of certiorari to review an order of the trial court, a second panel of the Court of Appeals has no authority to exercise its discretion in favor of reviewing the trial court's order.

APPEAL by plaintiffs and cross-appeal by defendants from *Hobgood, Robert H., Judge.* Order entered 2 July 1987 in ORANGE County Superior Court. Heard in the Court of Appeals 30 March 1988.

Plaintiffs filed this civil action on 9 June 1986 seeking damages for abuse of process, libel, and malicious prosecution arising from the institution of a prior lawsuit to enforce a right of first refusal under a contract. Defendants answered denying all material allegations and moved to dismiss the complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) of the Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Subsequently, both parties filed motions for summary judgment. The matter came on to be heard on 22 June 1987, and the trial court dismissed for failure to state a claim so much of plaintiffs' complaint as was founded on libel or abuse of process but denied defendants' motions to dismiss and for summary judgment as to malicious prosecution. Plaintiffs appealed, and defendants attempted to cross-appeal.

Pending this appeal defendants petitioned our Court for a Writ of Certiorari to review the trial court's denial of their motions as to malicious prosecution, which petition this Court denied 17 November 1987.

Fox v. Barrett

*Emanuel and Emanuel, by Robert L. Emanuel, for plaintiff-appellants.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Susan K. Burkhart, for defendant-appellees.*

WELLS, Judge.

### Plaintiffs' Appeal

The question is whether the trial court properly ruled on the motions before it. For the reasons to follow, we affirm the trial court's dismissal of plaintiffs' claims for abuse of process and libel; we decline to consider plaintiffs' appeal of the denial of their motion for summary judgment in their favor; and we dismiss defendants' cross-appeal.

On 18 November 1981 the plaintiffs joined with their children in the execution of a contract for the sale of some real property to defendants, such joinder being for the limited purpose of granting defendants a right of first refusal to purchase the "Louise V. Coker Property," which adjoined the property sold. Upon the death of Louise V. Coker, the University of North Carolina, as primary beneficiary of the "Louise V. Coker Property," expressed reservations to the conditions attaching to the bequest, whereupon plaintiffs gifted to the University any contingent interest they might otherwise have acquired in the property. Upon learning of this benefaction, defendant Gerald A. Barrett, Jr. (Barrett) caused suit to be filed by his corporation, defendant The Little Creek Corp., Inc. (Little Creek), against the University of North Carolina and against the individual members of the Fox family, including plaintiffs herein, accusing them of conspiring to defeat their property rights under the Will of Louise V. Coker. The Foxes and the University filed separate motions to dismiss. The cause came on for hearing in Orange County Superior Court on 30 January 1986. Argument was heard, the suit was dismissed, and no appeal was taken. Subsequently, plaintiffs filed this action.

[1] In their first assignment of error, plaintiffs contend that the trial court erred in dismissing so much of their claim as is founded on abuse of process. We disagree. Abuse of process consists of the malicious perversion or misapplication of lawfully issued process after issuance to accomplish some purpose not authorized or

commanded by the writ. *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979). Plaintiffs' complaint in the present case does not allege any improper act by defendant occurring *subsequent to* the institution of the prior lawsuit. For that reason, the complaint fails to state a claim for abuse of process. Plaintiffs argue that where the issuance of a valid summons is accompanied by a "fatally defective" complaint advancing no legitimate goal or purpose, all acts and proceedings resulting from such complaint constitute a continuing perversion and misuse of process for an improper, collateral purpose. This argument cannot succeed. N.C. Gen. Stat. § 1A-1, Rule 3(a) provides: "A civil action is commenced by filing a complaint with the court." Where the abuse complained of occurred in a prior civil action, the plaintiff must allege some improper act or perversion taking place after the filing of the complaint that is wholly inconsistent with and collateral to the action instituted.

[2] In their second assignment, plaintiffs contend that the trial court erred in dismissing so much of their complaint as was founded in libel. We disagree again. Plaintiffs complain that defendants libeled them by alleging, in the prior suit's complaint, that they had tortiously conspired to deprive Little Creek of contractual and property rights, subjecting plaintiffs to embarrassment and humiliation.

The rule in North Carolina is that "statements in pleadings filed in a judicial proceeding which are relevant to the subject matter are absolutely privileged." *Hawkins v. Webster*, 78 N.C. App. 589, 337 S.E. 2d 682 (1985). The statements complained of by plaintiffs in the present case were contained in the complaint of the antecedent suit, and they were relevant to the subject matter of that action—namely, to Little Creek's demand for enforcement of its right of first refusal. Hence, the statements were absolutely privileged, and the trial court correctly concluded that plaintiffs failed to state a claim for libel.

[3] In their third assignment, plaintiffs argue that the trial court erred in going outside the pleading to consider the complaint in the prior action in deciding on defendants' Rule 12(b)(6) motion. This argument is meritless. Plaintiffs' claim for libel focused exclusively on the complaint of the prior lawsuit. Therefore, plaintiffs can hardly object to the trial court's reference to the instru-

Fox v. Barrett

ment upon which the plaintiffs were suing. *See Coley v. Bank*, 41 N.C. App. 121, 254 S.E. 2d 217 (1979). And even if the trial court's consideration of material *dehors* the complaint should have caused defendants' Rule 12(b)(6) motion to be treated as one for summary judgment, plaintiffs can show no prejudice from the error. Defendants had filed a motion for summary judgment supplemental to their motion to dismiss, and plaintiffs had had ample time to prepare materials in opposition to that motion.

By their final assignment, plaintiffs contend that the trial court erred in failing to grant summary judgment in their favor, as to liability, on all three theories of recovery (i.e. abuse of process, libel, malicious prosecution). However, it is well-settled that a denial of a motion for summary judgment is interlocutory and nonappealable. *DeArmon v. B. Mears Corp.*, 312 N.C. 749, 325 S.E. 2d 223 (1985).

## Defendants' Appeal

[4, 5]　We decline to review defendants' cross-appeal which, we must point out, should have been tendered in a separate appellant brief in order to ensure that the opposing party have fair opportunity to respond. *See* N.C. R. App. P. 13(a) and 28(c); *see also Fortune v. First Union Nat. Bank*, 87 N.C. App. 1, 359 S.E. 2d 801 (1987). In their cross-appeal defendants contend the trial court erred in failing to grant their motions to dismiss and for summary judgment on the malicious prosecution claim. However, as just stated, a denial of a motion for summary judgment is interlocutory and nonappealable. *DeArmon, supra.* The same is true of a denial of a motion to dismiss for failure to state a claim. *Flaherty v. Hunt*, 82 N.C. App. 112, 345 S.E. 2d 426, *cert. denied*, 318 N.C. 505, 349 S.E. 2d 859 (1986). Defendants would, in effect, have us treat a purported appeal as a petition for Writ of Certiorari and allow the writ. However, as indicated above, defendants have already previously petitioned our Court for a Writ of Certiorari to review the selfsame lower court ruling, and we denied the petition. Our Supreme Court has held that where one panel of the Court of Appeals has denied a petition for a Writ of Certiorari to review an order of the trial court, a second panel of the Court of Appeals has no authority to exercise its discretion in favor of reviewing the trial court's order. *N.C.N.B. v. Virginia Carolina Builders*, 307 N.C. 563, 299 S.E. 2d 629 (1983).

The Order of the trial court is affirmed insofar as it dismisses the claims for abuse of process and libel; and plaintiffs' and defendants' appeals of the trial court's denials of their respective motions for summary judgment are dismissed.

Judges PARKER and ORR concur.